**E-Filed 9/28/05**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>BARAH DELI AND GROCERY, et al.,<br><br>   Defendants. | Case Number C-05-3125-JF<br><br>ORDER[1] (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; (2) DISSOLVING TRO; (3) UNSEALING CASE; AND (4) ADDRESSING BOND<br><br>[Doc. No. 20] |

Plaintiff Lorillard Tobacco Company ("Lorillard") seeks a preliminary injunction enjoining Defendants from selling or offering to sell cigarettes bearing counterfeits of Lorillard's trademarks. The Court has considered the briefing of the parties as well as the oral arguments presented at the hearing on August 26, 2005. For the reasons discussed below, the motion will be denied without prejudice.

## I. BACKGROUND

Lorillard is a large manufacturer of cigarettes. Its leading brand is "NEWPORT." Lorillard has obtained federal registration for the marks "NEWPORT," "Newport" (stylized) and

---

[1] This disposition is not designated for publication and may not be cited.

"LORILLARD."  Lorillard also has obtained federal registration for a spinaker design that appears on its NEWPORT cigarette packages, and for a particular combination of the name "Newport" with the spinaker design.

Lorillard filed the instant action under seal on August 1, 2005, alleging that Defendants, Barah Deli and Grocery ("Barah Deli") and its owners, are selling counterfeit Newport cigarettes bearing Lorillard's marks.  On the same date, Lorillard filed an *ex parte* application seeking: (1) a temporary restraining order ("TRO") enjoining Defendants from selling counterfeit cigarettes bearing Lorillard's marks; (2) a seizure order permitting Lorillard and law enforcement officials to do a surprise search of Barah Deli and seize any counterfeit cigarettes bearing Lorillard's marks and related items; (3) an order to show cause why a preliminary injunction should not issue; and (4) an order permitting accelerated discovery.  Lorillard filed a separate application for leave to proceed without notice to Defendants  The Court granted Lorillard's applications on August 8, 2005.  Specifically, the Court granted Lorillard's request for leave to proceed without notice to Defendants, granted the TRO, granted an order permitting the surprise search and seizure at Barah Deli, granted the request for accelerated discovery and set a hearing on Lorillard's motion for preliminary injunction for August 26, 2005.  The Court further ordered that the case be sealed and that Lorillard post a $10,000 bond.

The search of Barah Deli took place on August 9, 2005.  No counterfeit cigarettes or evidence of counterfeiting was found.  Lorillard filed an amended complaint on August 22, 2005.  Defendants filed an opposition to the motion for preliminary injunction on August 23, 2005.  Lorillard filed a reply on August 25, 2005.

## II. DISCUSSION

A party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  *Roe*, 134

1  F.3d at 1402.  A showing of likely success on the merits gives rise to a presumption of
2  irreparable harm in trademark cases.  *International Jenson, Inc. v. Metrosound U.S.A., Inc.*, 4
3  F.3d 819, 827 (9th Cir. 1993).
4        Because no evidence of counterfeit cigarettes was found during the search on August 9,
5  2005, Lorillard's showing of likelihood of success on the merits of its claims turns upon the two
6  counterfeit packages of Newport cigarettes allegedly obtained from Barah Deli by Lorillard's
7  employee Jamal Elgelda ("Elgelda") on June 27, 2005.  In his original declaration filed August 1,
8  2005, Elgelda states that he is one of Lorillard's sales representatives with responsibility for the
9  San Francisco, California region.  Elgelda Decl. ¶ 1.  One of Elgelda's responsibilities is to
10 ensure that Lorillard cigarettes offered for sale in retail stores are fresh.  *Id*. at ¶ 2.  Elgelda does
11 not state in his declaration how he ensures freshness, but it appears from the declaration of
12 Ruban S. Ruban ("Ruban"), the owner of Barah Deli, that Elgelda's practice was to remove old,
13 stale cigarettes from retail stores and gives the stores fresh cigarettes in exchange.[2]  Ruban Decl.
14 ¶¶ 2-3.  Elgelda states that on June 27, 2005, he called on Barah Deli and exchanged two packs
15 of Newport cigarettes which, following inspection, appeared to be counterfeit.  Elgelda Decl. ¶ 3.
16       Elgelda states that "[f]ollowing these purchases,[3] the suspected counterfeit cigarettes I
17 obtained were then turned over to Max Sayij, my Division Manager, for further inspection and
18 handling."  *Id*.  Max Sayij ("Sayij") states in his declaration that Elgelda obtained the two packs
19 of suspect cigarettes on *June 25, 2005*, rather than on June 27, 2005 as stated by Elgelda.  Sayij
20 Decl. ¶ 3.  Sayij states that he passed the cigarettes on to Edward O'Brien ("O'Brien"), a
21 manager of sales planning, for further inspection.  O'Brien opines in his declaration that the two
22 packs of cigarettes forwarded to him are counterfeits.  O'Brien Decl. ¶ 3.
23       Lorillard argues that this evidence of counterfeit packs found at Barah Deli in June 2005
24 is sufficient to demonstrate likelihood of succeed on the merits of Lorillard's trademark and

---

[2] Lorillard moves to strike ¶¶ 8-9 of the Ruban declaration on the ground that these paragraphs contain legal conclusions rather than facts.  That motion is granted.

[3] It is unclear from Mr. Elgelda's use of the term "purchases" whether he actually bought the cigarettes as opposed to exchanging old for new in the course of his job.

related claims, despite the fact that no counterfeit cigarettes or evidence of counterfeiting was discovered during the subsequent surprise search on August 9, 2005. Defendants argue that Lorillard's evidence is insufficient, particularly in light of Ruban's declaration statements regarding Elgelda's conduct. Ruban states that Elgelda made a routine sales and support call on June 27, 2005, at which time he removed from the Barah Deli display shelves approximately twenty packs of cigarettes and started to leave the store with them. Ruban Decl. ¶ 3. Elgelda did not put the cigarette packs in a container, but simply carried them in his arms, and as a result dropped several packs at the door of the store. *Id*. Ruban went to Elgelda's aid, picked up the dropped packs and walked with Elgelda to Elgelda's van. *Id*. Ruban states that there was a pile of approximately 650 Lorillard cigarette packs on the floor of the van and that Elgelda simply tossed the packs he had just removed from Barah Deli onto the pile. *Id*. at ¶ 4. Ruban assumed that the pile of cigarette packs on the floor of the van consisted of old, stale cigarettes. *Id*. The van also contained unopened cartons of cigarettes that Ruban assumed were new cigarettes. *Id*. Elgelda gave Ruban two of the unopened cartons of cigarettes in exchange for the loose packages he had removed from the store. *Id*.

Defendants argue[4] that because the cigarette packs taken from Barah Deli on June 27, 2005 were commingled with approximately 650 other loose cigarette packs on the floor of Elgelda's van, it is entirely uncertain whether the two alleged counterfeit packs delivered by Elgelda to Sayij were among those packs taken from Barah Deli. Defendants point out that Lorillard filed a nearly identical action against another retail store in the same neighborhood as Barah Deli, *Lorillard Tobacco Company v. Tenderloin Grocery*, Case No. C-05-3123 (CW), and that the *Tenderloin* action is supported by nearly identical declarations from Elgelda, Sayij and O'Brien. *See* Blumenfeld Decl. at ¶¶ 2-5 and Exh. A-C thereto.[5] Defendants suggest that the same two cigarette packs that form the basis for the instant lawsuit also form the basis for the

---

[4] Lorillard moves to strike Defendants' opposition brief on the ground that it was not timely served. *See* Burg Reply Decl. ¶¶ 4-5. That motion is denied.

[5] Lorillard moves to strike ¶¶ 8-10 of the Blumenfeld declaration on the ground that these paragraphs contain legal conclusions rather than facts. That motion is granted.

*Tenderloin* lawsuit.

In its reply brief, Lorillard clarifies that two counterfeit cigarette packs were found at Barah Deli and that two *other* counterfeit cigarette packs were found at Tenderloin Grocery, although all four packs bear the same product codes. During oral argument, Lorillard's counsel represented that two of the packs are in his possession and the other two packs have been sent out of state. Elgelda submitted a reply declaration stating he obtained only two suspect packs of cigarettes on June 27, 2005 and that those two packs were obtained at Barah Deli. Elgelda Reply Decl. ¶ 4. Elgelda states that the suspect packs obtained from Barah Deli "were not mixed together with other suspected counterfeit cigarettes from other stores." *Id*.

After reviewing all of the parties' arguments and admissible evidence, the Court concludes that Lorillard has not demonstrated a likelihood of success on the merits. Defendants have introduced Ruban's declaration statements that Elgelda tossed the twenty or so cigarette packs obtained from Barah Deli onto the floor of his van where hundreds of other loose packs were piled. Obviously, if Ruban's version of events is true, Elgelda would have no way of knowing which of the hundreds of packs on the floor of his van came from Barah Deli. Elgelda's declaration statement does not deny Ruban's description of events, but merely asserts in conclusory fashion that the suspect packs obtained from Barah Deli were not mixed with *other suspect packs*. Even assuming the truth of Elgelda's statement that only two suspect packs were obtained on June 27, 2005, it is not clear from the record currently before the Court whether those two packs came from Barah Deli. An additional problem with Lorillard's showing is the fact that Elgelda states that he delivered the packs in question to his supervisor Sayij on June 27, 2005, but Sayij states in his declaration that the packs were obtained on June 25, 2005. *Compare* Elgelda Decl. ¶ 3 *with* Sayij Decl. ¶ 3. Finally, if Barah Deli were indeed selling counterfeit cigarettes, it seems that some evidence would have been found at the surprise search on August 9, 2005. Accordingly, the Court will deny Lorillard's motion without prejudice to a renewed

motion for preliminary injunction in the event that Lorillard obtains additional evidence.[6]

In light of the Court's ruling, the Court will dissolve the TRO; the $10,000 bond shall remain in effect pending release of any business records or other materials seized from Barah Deli. Without objection from the parties, the case will be unsealed.

### III. ORDER

(1) Plaintiff's motion for preliminary injunction is DENIED;

(2) the TRO is hereby DISSOLVED;

(3) the $10,000 bond shall remain in effect pending release of any business records or other materials seized from Defendants; and

(4) the Clerk of the Court shall UNSEAL the case.

DATED: 9/26/05

/s/ electronic signature authorized
_____
JEREMY FOGEL
United States District Judge

---

[6] The Court notes that Judge Wilken denied Lorillard's motion for preliminary injunction in the *Tenderloin* case, citing commingling of cigarettes by Lorillard's representative and Lorillard's failure to discover evidence during a surprise search.

1  This Order was served on the following persons:

3  Counsel for Plaintiff:
4  Thomas A. Burg     thomas.burg@dlapiper.com, victoria.sheehan@dlapiper.com
5  Counsel for Defendants:
6  Michael J. Blumenfeld     mjblaw@ix.netcom.com, mjbclc@yahoo.com